Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| WAYNE H. NORMAN, |
| *Plaintiff,* |
| v. |
| SITO MOBILE SOLUTIONS, |
| *Defendant.* |

Civil Action No. 17-2215

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

1

is immune.  28 U.S.C. § 1915(e)(2).  When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012).  To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

This case is brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.  Plaintiff alleges that Defendant Sito Mobile Corp. ("Defendant") violated the TCPA by contacting him on his cellular telephone via an "automatic dialing system," without prior express consent.  Compl. ¶ 3.  Further, Plaintiff states that he "has never provided his cellular phone number to Defendant or given his prior express consent to be called." *Id.* ¶ 25.  Plaintiff essentially sets forth two categories of allegations:  one pertaining to SMS text messaging and the other regarding phone calls.  As to the text messages, Plaintiff contends that "[o]n or about the afternoon of November 12th, 2015, Plaintiff began being bombarded with the most egregious solicitation text messaging campaign from the Defendant utilizing SMS code." *Id.* ¶ 21.  Plaintiff had previously placed his cellular number on the national "Do-Not-Call" registry in May, 2014.

*Id.* ¶ 22. Upon receiving a text message from Defendant, Plaintiff replied "stop" approximately five times. *Id.* ¶ 23. Plaintiff alleges that the messages from Defendant continued after his request. *Id.* ¶ 24. As to the phone calls, Plaintiff asserts that Defendant contacted him on his cell phone "at least seventeen (17) times by means of automatic telephone calls or[] prerecorded messages[.]" *Id.* ¶ 33. Plaintiff contends that Defendant's actions violated 47 U.S.C. § 227(b)(1)(A) of the TCPA. *Id.* ¶ 28. Additionally, Plaintiff alleges that he "suffered harm and damages in the form of text message, data, and other charges to his cellular plan." *Id.* ¶ 30.

Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012). Section 227(b)(1)(A) of the TCPA prohibits the use of an automatic telephone, dialing system or a prerecorded voice to place calls to a cellular phone number without the called party's prior, express consent.[1] 47 U.S.C. § 227. In addition, Section 227(b)(3) provides that "[a] person or entity may" bring an action to enjoin a violation of the TCPA or to recover actual damages or "$500 in damages for each such violation." *Id.* § 227(b)(3). Thus, to state a claim under this provision, a plaintiff must plead that "(1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system . . . and (3) without prior consent of the recipient." *Echevvaria v. Diversified Consultants, Inc.,* No. 13–4980, 2014 WL 929275, at *4 (S.D.N.Y. Feb. 28, 2014); *see also Snyder v. Perry,* No. 14-2090, 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015).

To plead a claim under the TCPA, "[p]laintiffs must do more than simply parrot the statutory language." *Snyder,* 2015 WL 1262591, at *8. While Plaintiff does not need to provide precise details as to each of the text messages and telephone calls, he must provide enough to put

---

[1] "The TCPA's prohibition on automated dialing applies to both voice calls and text messages." *Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265, 269 n.2 (3d Cir. 2013).

Defendant on notice of the allegedly offending messages. *See Johansen v. Vivant, Inc.*, No. 12-7159, 2012 WL 6590551, at *2 (N.D. Ill. Dec. 18, 2012) (finding that providing the dates for two phone calls plaintiff received was sufficient to put defendant on notice, despite there being additional messages that plaintiff did not include). Additionally, a plaintiff "must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an [automated telephone dialing system]." *Baranski v. NCO Fin. Sys., Inc.*, No. 13-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014).

Here, as noted, Plaintiff's complaint alleges that Defendant violated the TCPA via text messaging and phone calls. Regarding the phone calls, Plaintiff states that he received "at least seventeen" calls from Defendant. Compl. ¶ 33. Plaintiff also alleges that "Defendant[']s telephone calls to Plaintiff[']s cellular telephone utilize[ed] an 'artificial or prerecorded voice' or [was] placed by "an automatic telephone dialing system." *Id.* ¶ 28. And that the calls were made "without the prior express consent of Plaintiff." *Id.* ¶ 34.

Plaintiff fails to plead any information regarding the approximate date of any of the phone calls. Instead, Plaintiff merely pleads that he received "at least seventeen" calls during some undetermined period. As to the automated nature of the calls, Plaintiff does indicate that there "is a noticeable pause prior to being connected to a live representative of Defendant." *Id.* ¶ 26. However, Plaintiff fails to allege whether this noticeable pause occurred with each of the phone calls. These allegations are not sufficient to put Defendant on notice of its allegedly offending behavior. *See Johansen*, 2012 WL 6590551, at *2. Therefore, Plaintiff's phone call allegations do not plausibly plead a violation of the TCPA and those allegations are dismissed.

As to the text messaging allegations, Plaintiff pleads that beginning around November 12, 2015, he began receiving text messages from Defendant. Compl. ¶ 21. He describes the content

4

of the first message, which read "Reply Ok for Hy-Vee automated marketing messages, consent not required to purchase. Up to 2 msgs/wk. Msg&Data rates may apply. Rply HELP for Help; STOP to Cancel." *Id.* ¶ 23.

These allegations, including the date and content of the first message, provide more detail than that concerning the phone calls. However, Plaintiff does not plead that the messages came from an automatic system, as required by the TCPA. To satisfy this element, courts permit the allegation of an automatic system to be pled on information or belief, but require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device. *See In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) (finding complaint sufficient when plaintiffs stated that they "received a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers").

In *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1167 (N.D. Cal. 2010), the court found that the plaintiff's allegations, read as a whole, were sufficient to show it was plausible that defendants used an automatic system. There, the plaintiff pled that "[e]ach such text message was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Id.* That allegation, coupled with the plaintiff describing impersonal text messages from an identified SMS short code, met the pleading standard for the TCPA. *Id.*

Plaintiff does not plead that the text messages were from an automatic system or were random in nature. Plaintiff also does not, for example, aver that he did not have a business relationship with Defendant. Therefore, Plaintiff fails to plausibly plead that Defendant's text messages were a violation of the TCPA and Plaintiff's complaint is dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[2] that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the complaint. An appropriate form of Order accompanies this Opinion.

Dated: April 6, 2017

JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

[2] If Plaintiff does file an amended complaint which the Court finds sufficient, Defendant is not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendant from litigating the matter as it sees fit.